CLARK v. SCOTT.    (No. 8161.)

(Court of Civil Appeals of Texas. Dallas. May 10, 1919.)

1. EXECUTORS AND ADMINISTRATORS  ⊜⟿439 —ACTIONS—PARTIES.

In trespass to try title to deceased's homestead, it is not necessary to join administrator, especially where a previous suit had determined creditors and administrator had no interest in the property.

2. TRESPASS TO TRY TITLE ⊜⟿32—PETITION —SUFFICIENCY.

Petition in trespass to try title to deceased's homestead *held* to state cause of action.

3. APPEAL AND ERROR  ⊜⟿1040(11)—HARMLESS ERROR—SUFFICIENCY OF PETITION.

Any error in overruling demurrers to petition in trespass to try title is harmless, where evidence and findings supplied any deficiency.

4. APPEAL AND ERROR ⊜⟿1050(1)—REVERSIBLE ERROR—EVIDENCE.

In trespass to try title, any error in admitting judgment in a former case for purposes of establishing plaintiff's title *held* no ground for reversal.

5. EVIDENCE    ⊜⟿271(18) — SELF-SERVING DECLARATIONS—RECITALS IN DEED.

In trespass to try title, where there was an issue whether plaintiff's grantor had been married, admitting recitals in deeds given by her that she was widow and wife of a certain person is erroneous; they being self-serving.

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

6. EVIDENCE ⬳353(3) — DEEDS — RECITALS —EFFECT.

Ordinarily recitals in deeds are evidence only against privies, and do not affect strangers.

7. APPEAL AND ERROR ⬳1050(1) — PREJUDICIAL ERROR—SIMILAR EVIDENCE.

Error in admitting recitals in deeds as evidence against strangers is not reversible error, where similar evidence was introduced without objection.

8. JUDGMENT ⬳712 — EVIDENCE — ADMISSIBILITY.

In trespass to try title, a previous judgment recovering land involved against others than defendant *held* admissible to establish plaintiff's title.

9. APPEAL AND ERROR ⬳232(2)—PRESERVING GROUNDS FOR REVIEW—OBJECTIONS.

Where witness was asked as to testimony given in another case, objection that appellant was not a party to that suit and did not have a chance to cross-examine witnesses is insufficient to preserve point that question was incompetent because calling for hearsay testimony.

10. MORTGAGES ⬳275 — SALES — RIGHTS OF PURCHASER.

Ordinarily purchaser of mortgaged property who assumes, or purchases subject to, the mortgage is estopped to deny its validity.

11. MORTGAGES ⬳277 — SALE OF LAND — RIGHTS OF PURCHASER.

One purchasing property incumbered with a mortgage is not personally bound to pay debt unless he assumes it, but mortgage remains a lien against the land.

12. MORTGAGES ⬳275 — SALE OF MORTGAGED LANDS—RIGHTS OF PURCHASER.

Grantee of mortgaged premises who has not assumed mortgage, and has purchased without reduction on account thereof, may dispute its validity.

13. APPEAL AND ERROR ⬳931(4) — PRESUMPTIONS—FINDINGS.

In trespass to try title, where there was evidence to authorize finding that appellee grantee did not promise to pay mortgage on land conveyed, it will be presumed, in order to support judgment rendered, that court so found.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Trespass to try title by Ross M. Scott against A. M. Clark. Judgment for plaintiff, and defendant appeals. Affirmed.

L. L. Montgomery and Oscar H. Calvert, both of Dallas, for appellant.
Parks & Hall, of Dallas, for appellee.

TALBOT, J. Appellee sued the appellant to recover lands situated in the city of Dallas, Tex., which are particularly described in the petition. Samuel Peay is the common source of title. The petition is in the general form of trespass to try title, and in addition thereto contains allegations purporting to set forth appellee's chain of title and the title of the appellant back to the common source. The appellee specially alleged that from the 6th day of June, 1912, to the death of Samuel Peay, which occurred about March 16, 1914, the said Samuel Peay was a married man living with his wife, Maude Peay, upon the land in controversy as his homestead; that after the death of the said Samuel Peay his wife, Maude Peay, continued to occupy, use, and enjoy said property until the same "was sold by her and against her" and until her possession was delivered to appellee and those under whom he claims; that during the time the land was the homestead of Samuel Peay and his said wife they executed a "deed of trust lien thereon" to W. H. Hall, trustee, dated December 30, 1913, to secure Will Waltz in the payment of a note which was, prior to December 7, 1915, transferred by Waltz to appellant, and that appellant induced a substitute trustee, on the 7th of December, 1915, to sell under said deed of trust, at which sale the appellant became the purchaser, and is claiming the property under said trustee's deed; that at the time said trustee's sale was made an administration was pending upon the estate of Samuel Peay, deceased, and that C. D. King was administrator; that the defendant had not presented his claim to the probate court for approval or allowance, and therefore his power of sale given in said deed of trust was suspended and said sale ineffective and void; that subsequent to the death of Samuel Peay the said Maude Peay brought suit against the brothers and sister of Samuel Peay, who were his only heirs, and his administrator and recovered judgment on the 15th day of May, 1915, vesting the title to the land involved in her, the said Maude Peay; that she thereafter sold the land to R. P. Wofford, who conveyed to plaintiff Scott; that on the 27th of March, 1915, Maude Peay executed a deed of trust to David Murry, trustee, to secure appellant in the payment of a note, and that on the 3d of August, 1915, David Murry, trustee, sold the land under said deed of trust, at which sale the appellant was present, and induced the appellee, Scott, to buy the land and agreed that he should buy it; that appellee bought the land and at his instance and for him the deed was made to R. P. Wofford; that said sale was made prior to the sale under the deed of trust to Hall, trustee, without notice that appellant would rely upon and foreclose the Hall deed of trust, and that the latter sale was fraudulent as to the appellee and that appellant was estopped to claim title under last sale; that Samuel Peay and his wife claimed and owned said land under a deed dated May 20, 1913. The appellant, as defendant below,

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

filed and presented a plea of nonjoinder of necessary parties, on the ground that the administrator of the estate of Samuel Peay was not made a party plaintiff, general and special demurrers, and motions to strike out parts of the petition, and the appellant also pleaded a general denial and a plea of not guilty. These pleas, demurrers, and motions were all overruled, and appellant reserved his exception. The case was tried before a jury, and was submitted upon special issues. Upon the findings of the jury both the plaintiff and the defendant filed motions for judgment. The court overruled defendant's motion and rendered judgment for the plaintiff as prayed for in his petition, to which the defendant reserved his bill of exception. The defendant's motion for new trial was overruled, and he perfected an appeal to this court.

[1] The first contention is that the court erred in overruling appellant's plea of nonjoinder of parties; the proposition being that in an action of trespass to try title for land alleged to have belonged to a deceased person at the time of his death, and when there is an administration pending on the estate of the deceased prior owner, the heirs of the deceased, or persons claiming under them, cannot maintain a suit for the land unless the administrator is made a party to the suit.

It is sufficient to say in answer to this contention that it was alleged, and the jury found from the evidence, that the land in controversy constituted the homestead of the deceased, Samuel Peay, and his wife, Maude Peay, at the date of the former's death, and that his creditors and administrator had no interest in it. It was not liable for the payment of the debts of Samuel Peay, and formed no part of his estate subject to administration. Again, Maude Peay, as the surviving wife of Samuel Peay, deceased, sued and recovered, in a court of competent jurisdiction before the present suit was filed, the land in controversy from the administrator of the estate of Samuel Peay, deceased, and from the brothers and sister of the said Samuel Peay as his only heirs at law. This being true, it was not essential to appellee's right of recovery, he claiming under the said Maude Peay, that the administrator of the estate of Samuel Peay, deceased, be made a party to this suit, and the right of said administrator to administer said property be again determined under the facts. He was neither a necessary nor a proper party to the suit.

[2-4] Nor do we think the court erred in overruling appellant's general and special demurrers to appellee's petition. The allegations were not as full and complete as they might have been, but they are not so imperfect and incomplete as to fail to show a cause of action and authorize the introduction of the evidence necessary to establish the facts upon which appellee's right of recovery depended. It is not directly alleged that Samuel Peay died intestate, or that Maude Peay was his only surviving heir, or that the land involved in the suit was the separate property of either Samuel Peay or Maude Peay, or that it was their community property. It does, however, appear that Samuel Peay was dead and that an ordinary administration of the estate was pending; that before the death of the said Samuel Peay he and Maude Peay were husband and wife, and that during their marriage they acquired said property by purchase, the deed being taken in the name of the husband; that they established their homestead upon the property and continued to reside upon it as such until the death of the said Samuel Peay; and that Maude Peay continued to occupy, use, and enjoy it after the death of her husband. There are also allegations to the effect that Samuel Peay died without issue and that Maude Peay as his surviving wife brought suit and recovered the property in controversy from his brothers and sister, who were his only heirs, and from the administrator of his estate. If Samuel Peay and Maude Peay were husband and wife, and the property in controversy their community property, and Samuel Peay died without issue, then his surviving wife, Maude Peay, under the law of descent and distribution of this state, was entitled to all of said property, and if at the death of Samuel Peay the property constituted the homestead of himself and wife it was not subject to administration in the probate court as asset of the said Samuel Peay's estate, his creditors had no interest in it, and his administrator owed them no duty in relation to it and had no power or authority to subject it to the payment of their debts. Under such circumstances Maude Peay could maintain an action against the administrator of Samuel Peay's estate, or other person setting up claim or title to said property, to quiet her title thereto, and the appellee in this suit, unless estopped or precluded by some act or conduct of his own, could question the validity of the sale of the property at which appellant bought and under which he set up title thereto. M. M. Parks, a witness introduced by appellee, testified without contradiction that Samuel Peay bought the property in controversy and paid for it with money acquired from the Texas & Pacific Railway Company in settlement of a suit instituted by the said Samuel Peay against that company to recover for personal injuries which were inflicted upon him during the time he was living with Maude Peay as his wife. This money was the community property of the said Samuel Peay and Maude Peay as husband and wife, and its investment in the property sued for constituted that property their community property. If, therefore, there was any techni-

cal error in the trial court's action in overruling appellant's demurrers, which is not admitted, the evidence and findings of the jury render such error unimportant and harmless. The appellant was not a party to the suit of Maude Peay against the administrator of the estate of Samuel Peay and his brothers and sister, and is not bound by the judgment obtained therein, but we think, even if it cannot be said that it was permissible for the appellee in deraigning his title to allege and prove said judgment, that its introduction in evidence furnishes no sufficient ground for the reversal of the case. The assignments of error complaining of the court's action in overruling appellant's general and special demurrers are overruled.

[5-7] The fifth assignment of error is that the court erred in permitting the plaintiff, Scott, to read in evidence to the jury certain recitals in deeds from Maude Peay to R. P. Wofford which described and identified the grantor in said deed, Mrs. Maude Peay, as "widow and wife of Samuel Peay, deceased." The reading of these recitals was objected to on the ground that the same were self-serving and not proof of the facts recited, and were prejudicial to the rights of the defendant and were not admissible against him. This assignment is not believed to be well taken. Appellee alleged that on the 19th day of May, 1915, Maude Peay executed a deed to one-half interest in the land sued for to R. P. Wofford, and that on July 10, 1915, she executed a deed to Wofford conveying the entire title. Under these allegations appellee was allowed to introduce in evidence two deeds from Maude Peay to R. P. Wofford, dated respectively May 19, 1915, and July 10, 1915; the first containing the recital describing and identifying the grantor, Mrs. Maude Peay, as follows, "widow and wife of Samuel Peay, deceased," and the second containing the recital describing and identifying the grantor. Mrs. Maude Peay, thus, "the surviving widow of Samuel Peay." Whether or not Maude Peay was ever the wife of Samuel Peay was a controverted issue in the case, and appellee relied upon proof of a common-law marriage to establish the relation of husband and wife between them. Now, "the general rule is that recitals in a deed are only evidence against privies, and do not affect strangers." McCoy v. Pease, 17 Tex. Civ. App. 303, 42 S. W. 659, 1 Greenl. Ev. § 23; Williams v. Chandler, 25 Tex. 11. The appellant was a stranger to the transactions and deeds here in question; the deeds were not ancient instruments; and if the recitals in question were not strictly admissible, their admission furnishes no sufficient ground for a reversal of the case for the reason, if for no other that similar evidence was introduced without objection. The record discloses that appellee, without objection, introduced a petition filed by Maude Peay in a divorce suit instituted by her against Samuel Peay in the district court of Dallas county on the 17th day of December, 1913, containing allegations that she was the common-law wife of Samuel Peay and that they had, on or about the 1st of June, 1912, agreed to live together as husband and wife and thereafter carried out said agreement and lived and cohabited as husband and wife. The recitals in the deeds objected to were, in effect, a written declaration on the part of Maude Peay that the relation of husband and wife existed between her and Samuel Peay prior to the death of the latter, and to the same effect are the allegations of the petition filed by her in the suit to dissolve the relationship. The admission of the recitals in the deeds, therefore, must be regarded as harmless, or such an error as was not calculated to cause the jury to render an improper verdict. Furthermore, the appellant introduced in evidence, presumably by consent or without objection, a written statement made by Maude Peay on the 30th day of December, 1913, to the effect that she was not then and had never been the wife of Samuel Peay, that she was never married to Samuel Peay by any verbal agreement between them that they were husband and wife, and that she had not lived and cohabited with the said Samuel Peay as his wife. The recitals in the deeds referred to were therefore admissible perhaps to show, in rebuttal of the said statements introduced by appellant, that Maude Peay, at another and different time, represented and declared that she had been the wife of the said Samuel Peay.

[8] The sixth assignment of error complains of the court's action in permitting the appellee to introduce in evidence over the objections of the appellant a judgment rendered in the district court of Dallas county, Tex., on the 15th day of May, 1915, in the cause styled Maude Peay v. Joe Peay et al., in which Maude Peay was plaintiff and Joe Peay, Hugh Peay, and Blanche Lily, the brothers and sister of Samuel Peay, deceased, and C. D. King, as administrator of the estate of said Samuel Peay, were defendants. The only proposition advanced under this assignment is as follows:

"Where a husband and wife own land as community property, and the husband executes a mortgage on the land and afterwards dies without issue, leaving surviving him his said wife and also his brothers and sister as his only heirs, and an administration is opened upon his estate, and the brothers and sister of the deceased husband claim said land as against the wife, and the wife brings suit in trespass to try title against the brothers and sister of her deceased husband and the administrator of his estate for the title and possession of the land, to which suit the said mortgagee of the husband was not a party nor privy to any party thereto, and the wife recovers a judgment for the title and possession of the land from such de-

fendants, and the wife afterwards sells the land, and the said mortgagee thereafter, forecloses his mortgage on said land and buys it in, and the purchaser from the wife brings suit in trespass to try title against the said mortgagee, the judgment obtained by the wife in her suit against the brothers and sister of her deceased husband and his administrator is not admissible in evidence in behalf of the purchaser from the wife in his said suit against the said mortgagee."

The appellant not being a party to the suit and judgment mentioned, his rights under the deed of trust executed by Samuel Peay in his lifetime, and under which he claims, are not affected thereby, but we think the judgment was admissible in evidence to show title in Maude Peay, under whom appellee claimed, as against the surviving brothers and sister of Samuel Peay, deceased, and as against his administrator. The contention of appellant, as shown by the proposition advanced, is to the effect that the judgment was inadmissible for any purpose under the facts alleged and proved. In this contention we do not concur.

[9] The witness M. M. Parks, after testifying that he was a lawyer, and as such represented Mrs. Maude Peay in her suit against Joe Peay and others in which the judgment referred to in the discussion of the sixth assignment of error just disposed of was rendered, and after stating that a number of witnesses were examined in the trial of that case, was asked the following question: "What was the consensus of opinion of those witnesses about his, Samuel Peay, being married?" To this question appellant objected on the ground that he "was not a party to that suit, and did not have a chance to examine or cross-examine those witnesses or take part in it." The objections were overruled by the court and the witness answered: "Well, the places in which he had lived and the ladies and gentlemen who testified in the case, testifying that they lived there and roomed together and held themselves out as husband and wife, and they knew her as Mrs. Peay." The ruling of the court in admitting this testimony is made the basis of the seventh assignment of error. Manifestly, the answer of the witness is not complete and is not responsive to the question. The question, in our opinion, was improper, but it does not appear that it was objected to on the ground that it called for hearsay testimony or was not responsive to the question asked, and in the manner presented we would not be warranted, it occurs to us, in holding that the assignment of error points out reversible error. In reviewing the action of the trial court we are confined to a consideration of the very grounds of objection urged in that court.

[10-13] The next assignment of error is to the effect that the court erred in everrul-ing appellant's motion for judgment upon the findings of the jury upon the special issues submitted, and especially upon their answer to the fourth issue. The fourth issue submitted and the instructions in relation thereto are as follows:

"You are instructed that on the 30th day of December, 1913, Samuel Peay executed a deed of trust to W. H. Hall, trustee, to secure $175 note, covering the land sued for, and that another deed of trust was executed by Maude Peay to David Murry, trustee, on the 27th day of March, 1915, to secure a note for $111.70, covering the land sued for. On the 3d of August, 1915, both of said deeds of trust and notes were owned by the defendant, A. M. Clark, and on the said 3d of August, 1915, said David Murry, trustee, acting by request of said Clark, foreclosed said last deed of trust and the land was then struck off to plaintiff, Ross M. Scott, upon his bid for the sum of $117.50, which was paid by him to said trustee. Under this issue, you are instructed to find from the evidence whether or not, prior to making his bid, the said Ross M. Scott was notified or informed that this sale was made subject to the deed of trust herein mentioned, then held by the defendant, Clark. You are further instructed that the simple knowledge of the existence of the first deed of trust is not what is herein referred to, but such knowledge or information as would reasonably indicate to said Scott that he, as purchaser, would be required to pay first deed of trust, else the same would be foreclosed. If you find that he was so notified or informed, your answer shall be 'Yes.' If you find that he was not so notified or informed, your answer shall be 'No.'"

The jury answered this issue "Yes." The proposition of appellant under this assignment is that one who purchases property incumbered with a lien and assumes its payment, or takes subject to the lien, or deducts the amount of the lien from the purchase price, recognizes the lien and is estopped from denying the validity of the same. The findings of the jury are to the effect that on and prior to December 30, 1913, the date of the execution of the deed of trust under which appellant claims title to the property in controversy, Samuel Peay and Maude Peay, in virtue of a common-law marriage, were husband and wife and occupied and used said property as their homestead, and the question here presented is whether or not, under the evidence and the answer of the jury to the fourth issue just quoted, appellee is estopped to deny the validity of said deed of trust under which appellant claims, it having been executed and taken upon the homestead of said Samuel and Maude Peay. The following general principle of law seems to be well established: When a party buys mortgaged property, and, in the purchase thereof, assumes or purchases subject to the mortgage, he is, broadly speaking, estopped to deny the validity of the mortgage on any grounds whatsoever. If he expressly con-

tracts to take the property incumbered with the lien he is not thereby personally bound for the debt; but he cannot be heard to dispute the validity of the lien, and the property is bound for the debt. Michigan Savings & Loan Ass'n v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569; 1 Jones, Mortg. §§ 736, 744, 749; 19 Ruling Case Law, § 140; Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456; Association v. Bostwick, 100 N. Y. 628, 3 N. E. 296; Chadwick v. Beach Co., 43 N. J. Eq. 616, 12 Atl. 380; Dean v. Walker, 107 Ill. 544, 47 Am. Rep. 467. It is said the difference between the purchaser's assuming the payment of the mortgage and simply buying subject to the mortgage is that in the one case he makes himself personally liable for the payment of the debt and in the other he does not assume such liability. In both cases, however, he takes the land charged with the payment of the debt, and is not allowed to set up any defense to its validity. Hancock v. Fleming, 103 Ind. 533, 3 N. E. 254. It has also been held, though there is authority to the contrary, that an oral promise of assumption made to the grantor of land at the time of the conveyance is sufficient and may be enforced in equity by the grantor or the holder of the mortgage; that such promise is independent of the deed, and not contradictory thereof nor merged therein; that it is not within the provision of the statute of frauds prohibiting proof by parol of a contract not to be performed within one year or to answer for the debt or default of another. 19 Ruling Case Law, § 152. In the case at bar all the testimony bearing upon the question whether appellee assumed the payment of appellant's debt or bought subject to appellant's deed of trust, and under which he claims, was oral and is conflicting. As heretofore shown, the appellee purchased the property in controversy at a public sale thereof by David Murry, trustee, under and by virtue of the power and authority given in the deed of trust executed by Maude Peay on the 27th day of March, 1915, to secure a debt due by her to the appellant, and claimed title to said property by virtue of said purchase and deed executed to him therefor by R. P. Wofford; and the appellant purchased the property at a subsequent sale thereof by H. Dooley, substitute trustee, by virtue of a deed of trust executed by Samuel Peay, dated December 30, 1913. The appellee testified that before and at the time he purchased the property nothing whatever was said about another deed of trust having to be foreclosed before he got title to the land; that he never heard of any deed of trust on the property except the one under which he bought until after the sale was made; that before the sale by the trustee Murry no one notified him (appellee) of the existence of the deed of trust under which appellant bought and claimed, or that the land was being sold by Murry subject to the deed of trust under which appellant claimed; that he had no suspicion that it would be so sold; that he thought when he bought at sale under deed of trust executed by Maude Peay that concluded the matter; that the first he heard of the deed of trust under which appellant claimed was after the sale had been made to him (appellee) and the purchase money paid; that he certainly would not have bought the property had he known it was going to be sold again under a prior mortgage. On the other hand David Murry, the trustee named in the deed of trust under which appellee bought, testified in substance that he sold the land under that deed of trust to the highest bidder; that appellee was the highest bidder; that the sale was made at the instance of Mr. Clark, the appellant; that it was well understood by appellant and appellee that the sale then being made by him was made subject to other indebtedness due appellant and the deed of trust under which appellant claims title to the property in this suit. He further said that after he posted the notices of the sale at which appellee bought he told appellee that he was to pay off the first deed of trust; that appellee came to see him a day or two before the sale and he then told him that the land was to be sold subject to the other deed of trust—the deed of trust under which appellant claims. The appellant, A. M. Clark, testified in substance that it was certainly agreed and understood at the time the sale was made at which appellee bought the land in controversy that such sale was made subject to the deed of trust under which he (appellant) bought and claimed; that on the morning of the sale he saw appellee in Mr. Murry's office; that appellee said, "Clark, I haven't got enough money to pay but one of these notes, and if you will let it wait awhile until we sell the property I will pay the other one;" that he (appellee) said to Murry, "I want you to help me sell it, and when we sell it I will pay the note; if I get the money beforehand I will pay it beforehand." He further said: "The Murry trustee sale was made subject to the other note and deed of trust. I am sure that the statement was made that the sale was to be made subject to the Waltz indebtedness. It was made before we went down there and after we went down there, too."

As has been seen, the jury found that appellee, prior to his bid and purchase of the property in controversy, was notified or informed that the sale of said property was made subject to the deed of trust under which appellant claims title; that the knowledge or information he then had was sufficient to reasonably indicate to him that he as purchaser would be required to pay the

first deed of trust—the one under which appellant claims—else said deed of trust would be foreclosed. Does this finding of the jury, in the light of the evidence, entitle appellant to judgment upon the theory that appellee assumed or bought subject to the prior mortgage under which appellant claims, and therefore estopped to deny that said mortgage was void because given upon the homestead of Samuel and Maude Peay? We conclude that it does not. The reasonable construction or interpretation of this portion of the jury's special verdict is that they simply concluded, and so found, that appellee, with knowledge of the existence of the prior deed of trust held by appellant, and with information that appellant would seek to foreclose it or require appellee to discharge the lien created thereby, by paying the debt which it was given to secure, bought at the sale made under the junior deed of trust executed by Maude Peay, and is not a finding to the effect that appellee purchased subject to the prior deed of trust under which appellant claims, in the sense that he assumed the payment of said deed of trust or recognized its validity. A grantee or purchaser of mortgaged premises who has not assumed the mortgage, and has purchased without any deduction from the price on account thereof, may dispute its validity. If, on the other hand, one purchases property subject to a mortgage and withholds from the purchase price the amount of the debt secured, he is estopped to deny the validity of the mortgage. But it is not incumbent upon such purchaser to pay a mortgage or deed of trust on the land which constituted no part of the consideration for the purchase. Again, it has been held that the rule that the grantee or purchaser of property incumbered with a mortgage or deed of trust lien is estopped to deny the validity of such instrument applies only where the instrument assumed is described in the deed of conveyance, and the agreement or assumption is made in the nature of a contract and for a valuable consideration. So a conveyance of real estate subject to a deed of trust executed by the vendor to secure the payment of a note does not, without words importing that the vendee assumes the payment of the note, subject the latter to any liability to pay it. Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456. It does not appear that there were words in the deed executed by Murry, trustee, to appellee from which by fair import an agreement to pay appellant's debt or that appellee bought subject to the deed of trust given to secure the same. Nor is there any evidence that the appellee deducted the amount of said debt secured, or any part thereof, from the amount of his bid, or that there was any consideration to support a purchase by appellee subject to said deed of trust or a verbal promise

on his part to pay the debt secured thereby. The issue whether appellee orally agreed to assume or pay the debt secured by the deed of trust given by Samuel Peay to appellant was not submitted to the jury, and no request for its submission seems to have been made or exception taken to the failure of the court to submit it. There was ample evidence to authorize a finding that no such agreement was made by appellee, and the presumption will be indulged in support of the judgment rendered that such was the conclusion and finding of the trial court. But it will be found, we think, that almost every case in which it has been held that an oral agreement on the part of one buying property incumbered with a mortgage or deed of trust to pay off and discharge such incumbrance was not a promise to answer for the debt of another within the statute of frauds involved a debt of one of the immediate parties to the transaction or contract. Thus, in the case of Enos v. Anderson, 40 Colo. 395, 93 Pac. 475, 15 L. R. A. (N. S.) 1087, cited in 19 Ruling Case Law, § 152, to support the proposition that an oral promise of assumption made to the grantor at the time of the conveyance is not within the provisions of the statute of frauds prohibiting proof by parol of a contract to answer for the debt or default of another is such a case. There the debt assumed was owed to one of the immediate parties to the contract, and it appeared that in consideration for certain property conveyed to them the defendants agreed to pay notes of the plaintiffs. In other words, it was the "defendant's" debt. No such case is here presented.

Our conclusion is that the record before us shows that appellee bought the property in controversy simply with knowledge of the existence of the prior deed of trust under which appellant claims and not expressly subject to said prior deed of trust; that, especially in view of the presumptive findings of the trial court, we conclude that appellee did not, before or at the time of his purchase, orally promise or agree to pay the debt secured by the trust deed under which appellant claims and upon which he relies for title, and that therefore appellee is not estopped to deny the validity of said deed of trust.

The other assignments of error fail to disclose reversible error, and will be overruled. The evidence, though conflicting, justified the jury's findings that prior to the death of Samuel Peay the relation of husband and wife, by virtue of a common-law marriage, existed between him and Maude Peay, that the property in controversy was their community property, and that at the time of the execution of the deed of trust by Samuel Peay, and under which appellant claims, said property constituted the homestead of Samuel Peay and his wife. Said deed of

trust was therefore void, and appellee, not being estopped to deny its validity, was entitled to recover.

The judgment is affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes