## KANSAS CITY LIFE INS. CO. v. HUDSON et al.

No. 1346.

Court of Civil Appeals of Texas. Waco.

April 26, 1934.

Rehearing Denied May 31, 1934.

McBride, O'Donnell & Hamilton, of Dallas, for appellant.

John B. Poindexter, Jr., of Dallas, and T. Wesley Hook, of Alvarado, for appellees.

GALLAGHER, Chief Justice.

A brief statement of the facts out of which this suit arose will aid in a ready understanding of the issues presented and discussed in this appeal. Charles Hudson, on November 9, 1922, conveyed to Mrs. Eunice Hudson and her daughter, Mary Hudson, a tract of land containing 107.5 acres, situated in Johnson county. The consideration for such conveyance as stated therein was: "The sum of eight thousand five hundred and eighty-nine dollars to me paid, and secured to be paid, by Eunice Hudson and Mary Hudson as follows: The sum of $2,284.88 to me in hand paid by Eunice Hudson of above amount, which said sum is hereby acknowledged and confessed, and the sum of $6,304.-12, to me in hand paid by Mary Hudson, the receipt of which is hereby acknowledged and the said Eunice Hudson and Mary Hudson takes the herein described land subject to an

indebtedness of $6,000.00, due Ward-Harrison Mortgage Company, and interest on said amount from January 1, 1922, at the rate of 7½% per annum, and the assumption by grantees of all taxes due on the hereinafter described premises for the year 1922."

The indebtedness subject to which the grantees were to hold said land was evidenced by certain notes executed by the grantor, Charles Hudson, to the Ward-Harrison Mortgage Company, a corporation. One of said notes was dated November 17, 1920, due January 1, 1931, for the sum of $6,000, with interest from January 1, 1921, until maturity at the rate of 7 per cent. per annum according to the tenor and effect of ten interest notes thereto attached, all of even date therewith and each for the sum of $420, one of which was payable on the 1st day of January of each year until the maturity of said principal note. All said notes provided for the payment of interest after maturity at the rate of 10 per cent. per annum. Said note and the interest notes thereto attached were secured by a deed of trust upon the land so conveyed, which deed of trust provided that the maturity of said note and the interest then accrued might be accelerated at the option of the holder upon the happening of certain contingencies. The remaining note was also dated November 17, 1920, was for the sum of $300, payable in ten equal installments of $30 each, one of which installments was to become due on January 1, 1921, and one on the 1st day of each succeeding year to and including 1931. Each such installment was to bear interest after maturity at the rate of 10 per cent. per annum. The sole consideration for this note was interest thereafter to accrue from year to year on the principal note aforesaid at the rate of one-half of 1 per cent. per annum. Said note was secured by a separate deed of trust on said land, in which it was expressly provided that the maturity of all future installments might be accelerated at the option of the holder upon the happening of certain contingencies. It was further expressly provided in said deed of trust that the lien created thereby should be subordinate to the lien created by the deed of trust securing the principal note and the interest notes thereto attached, and that, in event of a sale of the land under such second deed of trust, the balance due thereon should be satisfied out of the proceeds of such sale before any of the same were applied to the satisfaction of the balance due on said $300 note secured thereby. Said notes and deeds of trust were all executed at the same time and constitut-

ed a part of a single transaction. On account of the provisions for accelerated maturity of the $300 note, which was at the time it was executed wholly for unearned interest, said transaction as a whole was, under the rule announced in Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 39 S.W.(2d) 11, 84 A. L. R. 1269, usurious. Said transaction was in renewal, enlargement, and extension of a loan made by the Ward-Harrison Mortgage Company to said Charles Hudson on December 31, 1915, which was also tainted with usury, and upon which usurious interest had been paid by him.

The $6,000 note, the interest notes thereto attached, and the lien securing the same were on the 15th day of December, 1920, assigned and transferred by the Ward-Harrison Mortgage Company to appellant, Kansas City Life Insurance Company. The $300 note, upon which three annual installments had been theretofore paid, and the lien securing the same, were on the 1st day of March, 1924, assigned and transferred by the Ward-Harrison Mortgage Company to the Commerce Farm Credit Company. All the payments required by the terms of the original loan contract were duly made, and all payments required by the terms of the renewed, extended, and enlarged loan contract to and including those due January 1, 1930, were duly made. The further sum of $178.-52 was paid on the interest due January 1, 1931. Such payments amounted in the aggregate, as found by the court, to the sum of $5,858.52.

Appellees, Mrs. Eunice Hudson and Mary Hudson, the latter a minor suing by Mrs. Eunice Hudson as next friend, on March 24, 1932, filed suit in the district court against appellant, Kansas City Life Insurance Company, and the Commerce Farm Credit Company, and alleged that both said loan contracts stipulated for the payment of usurious interest, and sought to recover as such all payments made thereunder both by them and by their grantor, Charles Hudson. They further sought to have such recovery applied in discharge pro tanto of said $6,000 note. They further alleged that one E. C. Clark was purporting to act as substitute trustee in the deed of trust securing said note; that he had advertised the land for sale and would, unless restrained, sell the same. They also tendered the sum of $141.48, the balance admitted by them to be due on the $6,000 note after applying as a credit thereon the amount of the interest so paid, and asked that said deeds of trust, and each of them,

and the liens created thereby, be canceled and removed as a cloud upon their title to said land. They prayed for a temporary order restraining the sale of said land, and upon final hearing for a permanent injunction restraining such sale. Appellant answered by general denial and by special plea denying that the $6,000 note claimed by it was tainted with usury. The Commerce Farm Credit Company filed a general disclaimer.

There was a trial to the court. The testimony, the substance of which has been hereinbefore stated, was uncontradicted. The court rendered judgment for appellees against appellant in substantial accord with their prayer.

### Opinion.

Appellant presents a group of assignments in which it contends that the court erred in awarding appellees a recovery against it for usurious interest paid by them and by Charles Hudson, their grantor, and in ordering the same applied as a credit upon the debt evidenced by said $6,000 note held by it, on the ground that appellees, having taken title to said land subject to such debt, could not plead usury as a defense thereto. The consideration clause of the deed from Charles Hudson, the grantor of the incumbered premises, to appellees, has been hereinbefore set out in hæc verba. Said clause contained three subdivisions, the first of which was a recital of the amount of cash paid; the second, a stipulation that the grantees were to take the land conveyed by such deed "subject to an indebtedness of $6,-000.00 * * * and interest on said amount from January 1, 1922, at the rate of 7½ per cent per annum"; and, the third, a stipulation that the grantees assumed all taxes for the year 1922. When land is purchased subject to a mortgage securing a specific and definite debt, it is presumed that the purchaser bought the land at its value less the amount of such debt. 41 C. J. 716, and authorities cited in note 64; 27 R. C. L. p. 291, § 92. Appellees proved affirmatively that Mrs. Hudson, from and after the execution and delivery of said deed, paid each annual interest note and each annual installment on the $300 note as they matured, to and including those maturing on January 1, 1930. Such action on her part was in strict accord with such presumption and in harmony with the stipulation that the title held by the grantees under their deed was subject to such indebtedness.

The rule which prevails in this state is that, where the owner of property has incumbered the same with a lien to secure a specific indebtedness, and thereafter conveys such property to another subject thereto, if the amount of the indebtedness so secured constitutes a part of the consideration for such conveyance and the purchase price is abated in the amount thereof, the purchaser will not be permitted to deny the validity of either such debt or lien. Graham v. Oakes (Tex. Civ. App.) 32 S.W.(2d) 916, 920, pars. 7 and 8 (writ refused), and authorities there cited; Clark v. Scott (Tex. Civ. App.) 212 S. W. 728, 734, par. 12. The right of the purchaser in such a case to defend against a foreclosure of the lien on the ground that the debt is usurious in whole or in part is governed by the same rule, which is announced and the reason for its application explained in 27 R. C. L. p. 289 et seq., §§ 91 and 92, as follows:

"It is generally held that one who buys land subject to an existing mortgage, and who therefore obtains an abatement of the purchase price equal to the amount due on the mortgage, cannot attack the mortgage on the ground of usury. * * *

"The basis of the doctrine denying to a grantee the right to set up usury in a mortgage given by his grantor lies in the assumption that the mortgage was dealt with by the parties as if it were valid and legal in all respects, and that the price paid was therefore abated to the amount of the mortgage debt, and it is only where the grantee of mortgaged property has purchased it on the basis of a clear title and agreed expressly or by implication, as a part of the consideration, to pay the mortgage debt, that he is estopped from questioning the mortgage for usury."

We deem it proper in this connection to note that the implied agreement arising out of the acceptance of title to land subject to an indebtedness secured by lien thereon, that the same shall be paid, can be enforced in this state only by subjecting such property to the satisfaction thereof, and does not create a personal liability on the part of the purchaser. This distinction does not prevent the full application of the rule announced in the text above quoted. Clark v. Scott, supra, page 732 et seq. of 212 S. W.; Slaughter v. Morris (Tex. Civ. App.) 291 S. W. 961, 963, pars. 1 and 2. We further quote from 2 Jones on Mortgages (8th Ed.) pp. 283 and 286, as follows:

"Even one who has bought subject to a mortgage, without assuming the payment of it so as to make himself personally liable,

cannot contest the validity of the mortgage lien; for when the amount of the mortgage has been deducted from the amount of the consideration of the purchase, it is in effect an agreement that so much of the purchase money shall be paid to the person holding the mortgage, and the mortgage is thus made a lien to the full amount of its face, although the mortgagee has in fact paid only a part of the consideration or although the mortgage is subject to other defenses in the hands of the mortgagor. By conveying the land subject to a mortgage, the mortgagor provides for its payment in full out of the purchase money. A purchaser of land upon execution subject to whatever sum might be due upon the property by virtue of a certain mortgage, cannot dispute the fact of the mortgage or its validity. But if the mortgage to which a conveyance is made subject is not deducted from the consideration or made a part of it, the recital does not estop the grantee from contesting its validity. * * *

"Where the grantee has received, as a part of the consideration, the benefit of the amounts claimed to be usurious, the law estops him to set up usury. But where such amount has not been deducted from the purchase price, he is not estopped."

See authorities cited in notes to the texts above quoted. See, also, 1 Wiltsie on Mortgage Foreclosure (4th Ed.) p. 216, and authorities cited in note 26; Esposti v. Rivers Bros., Inc., 207 Cal. 570, 279 P. 423, 424, par. 1, and authorities there cited; Central Holding Co. v. Bushman, 238 Mich. 261, 213 N. W. 120, 122, par. 1, and authorities there cited; Smith v. McMillan, 46 W. Va. 577, 33 S. E. 283, par. 4; Ames v. Occidental Life Ins. Co., 210 Cal. 271; 291 P. 182, 183, par. 1; Berk v. Isquith Productions, Inc., 98 N. J. Eq. 608, 131 A. 526, 527, par. 5; Grove v. Great Northern Loan Co., 17 N. D. 352, 116 N. W. 345, par. 2, 138 Am. St. Rep. 707.

█ The specific rule established by all the authorities above cited is that appellees, as a basis for contesting the validity of appellant's debt on the ground of usury, must show, as stated in the above quotation from 2 Jones on Mortgages, p. 283, that the amount of such debt "was not deducted from the consideration *or made a part of it.*" (Italics ours.) The construction of the consideration clause in the deed from Charles Hudson to appellees therefore becomes material and will control the disposition of the case. As before stated, the first subdivision of said clause merely recites the payment of a certain sum in cash and acknowledges the receipt thereof. This provision is, under all the authorities, subject to explanation or contradiction by parol. The remaining subdivisions of said clause are of a different character. They both involve an obligation or promise on the part of the grantees in said deed. The obligation embodied in the stipulation contained in the second subdivision was that the grantees must permit the debt there described to be enforced against or satisfied out of the property conveyed to them. The third subdivision contains an express assumption by the grantees of taxes on the property conveyed for the year 1922. Such assumption was in legal effect a specific promise to pay such taxes and implied an obligation that upon default of payment they might be satisfied out of the property. We quote in this connection from 22 C. J. p. 1171, par. 1569, as follows: "Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done, the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence."

In keeping with the rule so announced, it has been held in this state that a recital in the consideration clause in a deed of the assumption of indebtedness by the grantee is contractual and cannot be contradicted or varied by parol. Vansickle v. Watson, 103 Tex. 37, 123 S. W. 112, par. 4; Waggoner v. Magnolia Petroleum Co. (Tex. Civ. App.) 252 S. W. 865, par. 5. See, with reference to recitation of consideration in deeds and other written instruments generally, East Line & R. R. Co. v. Garrett, 52 Tex. 133, par. 2; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825; McCormick v. Kampmann, 102 Tex. 215, 115 S. W. 24, par. 4; Martin v. Martin (Tex. Civ. App.) 222 S. W. 291, 292, par. 1 (writ refused); Rogan v. Williams & Co., 63 Tex. 123, par. 1; Johnson v. Johnson (Tex. Com. App.) 14 S.W. (2d) 805, 807, par. 2; Schlag v. Johnson (Tex. Civ. App.) 208 S. W. 369, 372, par. 4. It is said that the difference between the grantee's assuming the payment of a mortgage and

simply buying subject thereto is that in one case he makes himself personally liable for the payment of the debt and in the other he does not assume such liability. Clark v. Scott, supra, page 733 of 212 S. W. (first column); Michigan Savings & Loan Ass'n v. Àttebery, 16 Tex. Civ. App. 222, 42 S. W. 569, 571 (second column); Hancock v. Fleming, 103 Ind. 533, 3 N. E. 254, par. 1. So a stipulation in a deed that the property conveyed is taken subject to a specific indebtedness and lien has also been held contractual. Hood v. Young, 178 Ark. 439, 11 S.W.(2d) 767, 768, par. 1; McNaughton v. Burke, 63 Neb. 704, 89 N. E. 274, par. 4.

▮ There is no contention in this case that the language used in the consideration clause in the deed was the result of fraud, accident, or mistake, or that such language is ambiguous. There was no attempt on the trial of the case to explain, vary, or contradict the same by parol. We must therefore construe said clause according to its terms. We recognize that the authorities applicable are confusing, and in some instances contradictory. It is not our purpose to attempt to distinguish or reconcile them, but only to correctly construe the language used in the clause under consideration. Such language is clear and unequivocal that the property is taken subject to the debt described in such clause. While the lien securing such indebtedness is not specifically mentioned, its existence is necessarily implied. Under the authorities in this state, appellees, the grantees in such deed, are therefore denied the right to dispute the inherent validity of such lien. Rice-Stix Dry Goods Co. v. First National Bank of McGregor (Tex. Com. App.) 231 S. W. 386; J. P. Wooten Motor Co. v. First National Bank of Swenson (Tex. Com. App.) 281 S. W. 196, 197, pars. 2 and 3, and authorities there cited.

▮ The inherent validity of a lien is distinguishable from the amount or validity of the indebtedness which it purports to secure. The debt may be perfectly valid and the lien wholly void, as in the cases just cited, or the debt may be invalid or unenforceable in whole or in part and the lien otherwise regular. The language used in expressing the agreement that the property conveyed shall be subjected to the satisfaction of a lien indebtedness varies greatly in the reported cases. In many of such cases there is no specific reference to the amount of the debt. In the case here under consideration, the amount of the debt is stated with specific accuracy. It is $6,000, with interest thereon from the 1st day of January, 1922, at the rate of 7½ per cent. per annum, which is in exact accord with the obligations executed by the grantor to the Ward-Harrison Mortgage Company, and secured by deeds of trust on the land conveyed. Any increase in such amount would impose upon the property in the hands of the grantees a greater burden than they contracted to bear. Any decrease in such amount would deprive the grantor pro tanto of his right to have the precise amount of his debt as stipulated satisfied out of the property conveyed. We think said consideration clause, properly construed, shows that the amount of the debt due by the grantor to which he made the title conveyed to appellees subject, constituted a specific and clearly defined element of the consideration for his conveyance to them. We do not think it necessary, in order to estop the grantee who takes property subject to a specific indebtedness from urging the defense of usury, that it must be shown affirmatively that a gross price for the purchase of the property was first agreed upon by the parties and that the amount of the lien indebtedness was then agreed upon and deducted from such price. It is sufficient if such indebtedness constituted a specific part of the consideration.

Appellees were not entitled, upon the record presented, to interpose the defense of usury in abatement and in practical extinguishment of appellant's debt. The judgment of the trial court is therefore reversed, and judgment is here rendered that appellees take nothing by their suit against the appellant. The injunctions granted restraining appellant from enforcing satisfaction of its debt by sale of the property are dissolved. The judgment in favor of appellees against the Commerce Farm Credit Company upon its disclaimer is not disturbed, but is in all things affirmed.