

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles Evans, Chairman
Government Organization Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. MW-522

Re:   Whether school district
may purchase property subject
to lien without election
pursuant to section 20.04 of
the Education Code

Dear Representative Evans:

After providing us with the following facts:

> The Fort Worth Independent School District is
> interested in obtaining a piece of property in
> east Fort Worth commonly referred to as the
> 'Oakbrook Mall.' Such property is currently owned
> by a Florida corporation called Senior
> Corporation. Senior Corporation has assumed an
> existing note, subject to a deed of trust lien, on
> the property in the amount of $1,100,000.00. This
> note is currently being paid by proceeds from a
> lease on a portion of the property to Montgomery
> Wards, such proceeds being assigned to the
> noteholder to further secure payment of the note.
>
> The district is attempting to negotiate with
> the owner a purchase of the owner's interest in
> the property subject to the existing $1,100,000.00
> note. Under this proposal, Senior Corporation
> would remain personally liable on the note, the
> deed of trust lien would remain to secure the note
> as well as the assignment of the Montgomery Ward
> lease proceeds, and the district would receive the
> property in fee simple subject to the lien for the
> payment of that note.[,]

you pose the following question:

> Does the Fort Worth Independent School District
> have legal authority to purchase a piece of real
> property subject to an existing lien, where the

school district does not expressly assume the note secured by the lien, and where the school district is therefore not liable on such note, without obtaining the approval of a majority vote of the electors of the district in the manner provided by in section 20.04 of the Texas Education Code, or would such action violate either section 20.48 of the Texas Education Code or article 3, section 52, of the constitution of the state of Texas?

Section 23.26 of the Education Code specifies that the trustees of independent school districts "may acquire and hold real and personal property" in the name of the district. Such language contains no restrictions and is very broad, but for reasons explained below we are of the opinion that it will not extend so far as to authorize the proposed transaction, absent voter approval.

Subsection (a) of section 20.48 of the Education Code provides that "[t]he public free school funds shall not be expended except as provided in this section." Subsection (d) addresses school districts of a description that includes the Fort Worth Independent School District, we understand. It specifies that they:

shall, in addition to the powers now possessed by them for the use and expenditure of local school funds and for the issuance of school bonds, be expressly authorized and empowered, at the option of the governing body of any such school district, in the buying of school sites and/or additions to school sites and in the building of school houses, to issue and deliver notes of the school district, negotiable or non-negotiable in form, representing all or a part of the purchase price or cost to the school district of the land and/or building so purchased or built, and to secure such notes by a vendor's lien and/or deed of trust lien against such land and/or building, and, by resolution or order of the governing body of the school district made at or before the delivery of such notes, to set aside and appropriate as a trust fund, and the sole and only fund, for the payment of the principal of and interest on such notes such part and portion of the local school funds, levied and collected by the school district in that year and/or subsequent years, as the governing body of the school district may determine, provided that in no event shall the aggregate amount of local school funds set aside in or for any subsequent year for the retirement of such notes exceed, in

> any one such subsequent year, 10 percent of the local school funds collected during such year. The district may issue the notes only if approved by majority vote of the resident, qualified electors voting in an election conducted in the manner provided by Section 20.04 of this code for approval of bonds. (Emphasis added).

The foregoing is the only provision of the statute expressly authorizing a school district to place a lien against its property in order to secure payment of an obligation. Cf. Educ. Code §§20.43 (time warrants), 20.49 (maintenance tax notes).

A purchaser who takes mortgaged property without assuming the mortgage debt is not personally liable for the debt (in the sense of being responsible for any deficiency beyond the value of the mortgaged property), but the property continues as the primary source for payment of the obligation. See Kansas City Life Insurance Company v. Hudson, 71 S.W.2d 574 (Tex. Civ. App. - Waco 1934, writ ref'd); Fidelity Union Fire Insurance Company v. Cain, 28 S.W.2d 833 (Tex. Civ. App. - Dallas 1930, no writ); 39 Tex. Jur. 2d Mortgages and Trust Deeds, §§97, 98, at 122.

In other words, if the district purchased title to the property while the property remained subject to an outstanding mortgage or deed of trust lien, the interest of the district therein would be subject to defeasance should the district's grantee default in payment of the underlying obligation secured. The fact that the district had not assumed the obligation so as to make itself directly liable on the outstanding note would not in itself prevent the loss of the district's investment.

In effect, the property interest of the district would be mortgaged to secure the repayment of the outstanding indebtedness against the property -- that is, the debt of a third party. We need not consider the possible application of article III, section 52(a) of the Texas Constitution (precluding the lending of credit by a political subdivision to any individual, association or corporation), or examine the doctrine that prevents a political subdivision of the state from entering agreements that would potentially control or embarrass it in the exercise of governmental powers. See Clear Lake City Water Authority v. Clear Lake Utilities Company, 549 S.W.2d 385 (Tex. 1977). In our opinion, section 20.48 provides a statutory bar to the proposed transaction unless the procedural requirements of subsection (d) thereof are met.

Section 20.48 of the Education Code was derived from former article 2827, V.T.C.S., the provisions of which were interpreted as showing the general policy of the legislature with respect to the

expenditure of funds belonging to a school district.  See Flatonia Independent School District v. Broesche, 176 S.W.2d 223 (Tex. Civ. App. - Austin 1943, writ ref'd).  Cf. McKinney v. Chambers, 347 S.W.2d 30 (Tex. Civ. App. - Texarkana 1961, writ ref'd).  In our opinion, the provisions of subsection (d) expressly detailing the conditions under which school sites and school buildings may be subjected to liens indicates the policy of the legislature with respect to the purchase with school funds of property which will thereafter become or remain encumbered.  That policy requires approval of the voters of the district.

We conclude that a purchase by the Fort Worth Independent School District of real property subject to a continuing lien without obtaining voter approval in the manner required by section 20.48 of the Texas Education Code would constitute a violation of that statute.

## S U M M A R Y

A purchase by the Fort Worth Independent School District of real property subject to a continuing lien without obtaining voter approval in the manner required by section 20.48 of the Texas Education Code would constitute a violation of that statute.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood