Honorable Charles Evans Chairman Government Organization Committee Texas House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Whether school district may purchase property subject to lien without election pursuant to section 20.04 of the Education Code
Dear Representative Evans:
After providing us with the following facts:
 The Fort Worth Independent School District is interested in obtaining a piece of property in east Fort Worth commonly referred to as the `Oakbrook Mall.' Such property is currently owned by a Florida corporation called Senior Corporation. Senior Corporation has assumed an existing note, subject to a deed of trust lien, on the property in the amount of $1,100,000.00. This note is currently being paid by proceeds from a lease on a portion of the property to Montgomery Wards, such proceeds being assigned to the noteholder to further secure payment of the note.
The district is attempting to negotiate with the owner a purchase of the owner's interest in the property subject to the existing $1,100,000.00 note. Under this proposal, Senior Corporation would remain personally liable on the note, the deed of trust lien would remain to secure the note as well as the assignment of the Montgomery Ward lease proceeds, and the district would receive the property in fee simple subject to the lien for the payment of that note.[,]
you pose the following question:
 Does the Fort Worth Independent School District have legal authority to purchase a piece of real property subject to an existing lien, where the school district does not expressly assume the note secured by the lien, and where the school district is therefore not liable on such note, without obtaining the approval of a majority vote of the electors of the district in the manner provided by in section 20.04 of the Texas Education Code, or would such action violate either section 20.48 of the Texas Education Code or article 3, section 52, of the constitution of the state of Texas?
Section 23.26 of the Education Code specifies that the trustees of independent school districts `may acquire and hold real and personal property' in the name of the district. Such language contains no restrictions and is very broad, but for reasons explained below we are of the opinion that it will not extend so far as to authorize the proposed transaction, absent voter approval.
Subsection (a) of section 20.48 of the Education Code provides that `[t]he public free school funds shall not be expended except as provided in this section.' Subsection (d) addresses school districts of a description that includes the Fort Worth Independent School District, we understand. It specifies that they:
 shall, in addition to the powers now possessed by them for the use and expenditure of local school funds and for the issuance of school bonds, be expressly authorized and empowered, at the option of the governing body of any such school district, in the buying of school sites and/or additions to school sites and in the building of school houses, to issue and deliver notes to the school district, negotiable or non-negotiable in form, representing all or a part of the purchase price or cost to the school district of the land and/or building so purchased or built, and to secure such notes by a vendor's lien and/or deed of trust lien against such land and/or building, and, by resolution or order of the governing body of the school district made at or before the delivery of such notes, to set aside and appropriate as a trust fund, and the sole and only fund, for the payment of the principal of and interest on such notes such part and portion of the local school funds, levied and collected by the school district in that year and/or subsequent years, as the governing body of the school district may determine, provided that in no event shall the aggregate amount of local school funds set aside in or for any subsequent year for the retirement of such notes exceed, in any one such subsequent year, 10 percent of the local school funds collected during such year. The district may issue the notes only if approved by majority vote of the resident, qualified electors voting in an election conducted in the manner provided by Section 20.04 of this code for approval of bonds. (Emphasis added).
The foregoing is the only provision of the statute expressly authorizing a school district to place a lien against its property in order to secure payment of an obligation. Cf. Educ. Code §§ 20.43 (time warrants), 20.49 (maintenance tax notes).
A purchaser who takes mortgaged property without assuming the mortgage debt is not personally liable for the debt (in the sense of being responsible for any deficiency beyond the value of the mortgaged property), but the property continues as the primary source for payment of the obligation. See Kansas City Life Insurance Company v. Hudson, 71 S.W.2d 574 (Tex.Civ.App.-Waco 1934, writ ref'd); Fidelity Union Fire Insurance Company v. Cain, 28 S.W.2d 833 (Tex.Civ.App.-Dallas 1930, no writ); 39 Tex. Jur.2d Mortgages and Trust Deeds, §§ 97, 98, at 122.
In other words, if the district purchased title to the property while the property remained subject to an outstanding mortgage or deed of trust lien, the interest of the district therein would be subject to defeasance should the district's grantee default in payment of the underlying obligation secured. The fact that the district had not assumed the obligation so as to make itself directly liable on the outstanding note would not in itself prevent the loss of the district's investment.
In effect, the property interest of the district would be mortgaged to secure the repayment of the outstanding indebtedness against the property — that is, the debt of a third party. We need not consider the possible application of article III, section 52(a) of the Texas Constitution (precluding the lending of credit by a political subdivision to any individual, association or corporation), or examine the doctrine that prevents a political subdivision of the state from entering agreements that would potentially control or embarrass it in the exercise of governmental powers. See Clear Lake City Water Authority v. Clear Lake Utilities Company, 549 S.W.2d 385 (Tex. 1977). In our opinion, section 20.48 provides a statutory bar to the proposed transaction unless the procedural requirements of subsection (d) thereof are met.
Section 20.48 of the Education Code was derived from former article 2827, V.T.C.S., the provisions of which were interpreted as showing the general policy of the legislature with respect to the expenditure of funds belonging to a school district. See Flatonia Independent School District v. Broesche, 176 S.W.2d 223
(Tex.Civ.App.-Austin 1943, writ ref'd). Cf. McKinney v. Chambers, 347 S.W.2d 30 (Tex.Civ.App.-Texarkana 1961, writ ref'd). In our opinion, the provisions of subsection (d) expressly detailing the conditions under which school sites and school buildings may be subjected to liens indicates the policy of the legislature with respect to the purchase with school funds of property which will thereafter become or remain encumbered. That policy requires approval of the voters of the district.
We conclude that a purchase by the Fort Worth Independent School District of real property subject to a continuing lien without obtaining voter approval in the manner required by section 20.48 of the Texas Education Code would constitute a violation of that statute.
 SUMMARY
A purchase by the Fort Worth Independent School District of real property subject to a continuing lien without obtaining voter approval in the manner required by section 20.48 of the Texas Education Code would constitute a violation of that statute.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General