## Samuel Sellers v. John W. Botsford and others.

Usury is a personal defense, to be made by a party to the contract. One who has purchased land subject to the payment of a mortgage upon it, can not make this defense to the mortgage.

*Submitted on briefs, October 17th. Decided November 25th.*

Appeal in Chancery from Livingston Circuit.

Sellers filed his bill to foreclose a mortgage given to him by Samuel and Sarah Burley for money loaned. Botsford was made a defendant as subsequent purchaser. The defendants set up the defense of usury. It appeared in evidence that Botsford purchased the mortgaged premises of the mortgagors, subject to the mortgage, and agreed to pay it up. The Circuit Court in Chancery granted decree in favor of complainant for the whole face of the mortgage. Botsford alone appealed.

*O. Hawkins*, for complainant:

The mortgagors not having appealed, Botsford can not make the defense of usury on his own behalf:—2 *Seld.*

352; 10 *Wheat.* 392; 7 *Hill,* 406; 7 *Conn.* 413; 1 *Mich.* 84; 3 *Ala.* 643.

*G. V. N. Lothrop,* for defendant Botsford.

MANNING J.:

Conceding the usury set up in the answer, which we do not think established by the evidence — the appellant, who is a subsequent purchaser of the mortgaged premises, can not avail himself of it as a defense to the mortgage, or turn it to his individual benefit. By the agreement between him and the mortgagor when he purchased he was to pay the mortgage. Its payment was a part of the consideration or purchase price he was to pay for the land. On this ground, if no other, he should not be permitted to set up usury in the contract between the mortgagor and mortgagee. In the case of the *Farmers and Mechanics' Bank v. Kimmel,* 1 *Mich.* 84, usury is held to be a personal defense, to be made by a party to the contract, of which a subsequent purchaser can not avail himself.

The decree is affirmed, with costs.

The other Justices concurred.