TUXEDO ENTERPRISES, INC., *v.* DETROIT TRUST CO.

1. USURY—PERSONAL CHARACTER OF DEFENSE—MORTGAGES.
    The defense of usury is personal to mortgagor and those in privity of estate with him.

2. SAME—MORTGAGES—GRANTEE WHO GUARANTEES PAYMENT.
    Mortgagor's grantee who assumes and agrees to pay outstanding mortgage guarantees its payment, but such guaranty does not alone enable grantee to assert defense of usury which might have been made by his grantor.

3. SAME—WAIVER.
    The defense of usury is a personal one and may be waived.

4. SAME—MORTGAGES—FORECLOSURE—VESTING OF TITLE.
    Lessee of part of mortgaged premises who secured vacation of decree of foreclosure by guaranteeing payment of full amount of usurious mortgage and secured deed from mortgagor, *held,* not entitled to urge usury in order to prevent statutory foreclosure and vesting of title in consequence thereof.

5. SAME—MORTGAGES—GUARANTY—CORPORATIONS—LANDLORD AND TENANT.
    Corporate lessee of guarantor of mortgage indebtedness can assert no greater rights than guarantor with respect to usury against parties claiming under mortgage foreclosure.

6. SAME—CORPORATIONS—STATUTES.
    Corporate lessee of part of mortgaged premises cannot obtain relief from statutory foreclosure on ground of usury where statute under which it was organized expressly deprives it of that defense (Act No. 327, § 78, Pub. Acts 1931).

7. MORTGAGES—MORATORIUM STATUTE—DISCRETION OF COURT.
    Discretionary action of trial court under mortgage moratorium statute will not be interfered with by Supreme Court unless an abuse of discretion therein granted is affirmatively shown (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [Ex. Sess.]).

8. SAME—BUSINESS PROPERTY—DIVERSION OF INCOME.

Mortgagor who sought to prevent statutory foreclosure and vesting of title as a consequence thereof by bill filed shortly before expiration of period of redemption *held*, properly denied relief under mortgage moratorium statute where income from theater and apartment property involved was diverted to other uses than application on mortgage indebtedness and accrued taxes (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [Ex. Sess.]).

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 10, 1935. (Docket No. 77, Calendar No. 38,256.) Decided June 3, 1935. Rehearing denied June 19, 1935.

Bill by Tuxedo Enterprises, Inc., a Michigan corporation, and Charles W. Munz and wife against Detroit Trust Company and others for an accounting, to set aside a mortgage foreclosure, to have a mortgage declared usurious and for relief under the mortgage moratorium act. Bill dismissed. Plaintiffs appeal. Affirmed.

*Ralph E. Routier,* for plaintiffs.

*William Henry Gallagher* (*William H. Kaplan,* of counsel), for defendants Detroit Trust Company and Spoke Holding Company.

*Levin, Levin & Dill* (*Theodore Levin* and *Bayre Levin,* of counsel), for defendants estate of David W. Simons, deceased, and Laura Simons.

NORTH, J. By their amended bill of complaint plaintiffs sought relief from an alleged usurious mortgage loan on real estate and relief under the mortgage moratorium act (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [Ex. Sess.]), also other incidental relief. After a lengthy hearing in the circuit court of Wayne county

in chancery, a decree was entered dismissing the bill of complaint and plaintiffs have appealed.

The facts essential to decision are herein stated in accord with plaintiffs' contention. In 1920 Mr. Harry Silverman became the owner in fee of certain land in Detroit. He caused to be erected thereon the Tuxedo Theatre building, which in addition to the theatre proper included five stores and 21 apartments. The building was completed about October, 1921. So that he might pay construction costs, Silverman obtained a real estate loan on this property from David W. Simons for $250,000. This loan was usurious to the extent of at least $50,000. The mortgage loan from Simons antedated the provision in the Michigan statute which in effect bars a corporation from making the defense of usury. See 2 Comp. Laws 1929, § 9983. But there was then in force in the State of New York a statutory provision of that character. In order that advantage might be taken of the New York statute, Silverman conveyed the Tuxedo theatre property to a New York corporation, the Tuxedo Building Corporation, organized in July, 1921. Immediately this corporation executed a mortgage to the Security Trust Company, now Detroit Trust Company, securing an issue of $250,000, seven per cent. serial bonds. The defendant Detroit Trust Company became the trustee and mortgagee under this mortgage. All the money advanced on this mortgage loan came from Simons. He died in May, 1932. His estate asserts ownership to $85,000 of the mortgage bonds; and his widow also holds some of these bonds. His executors and widow are made parties defendant in this suit.

The desired loan having been consummated, the mortgaged property was reconveyed to Silverman. Thereafter, in February, 1922, Silverman leased the

theatre portion of the mortgaged property to plaintiff, Charles W. Munz. He operated the theatre until December, 1929. In the meantime (November, 1923) Silverman and wife deeded the mortgaged property to John W. Whitley; and Whitley and wife in August, 1924, conveyed to plaintiff, Charles W. Munz. In the deed through which Charles W. Munz took title to the mortgaged property he assumed and agreed to pay the mortgage given to Security Trust Company (now Detroit Trust Company) as trustee and also to pay accrued taxes. There was default in mortgage payments and chancery foreclosure proceedings were instituted and decree entered. At the time this foreclosure proceeding was started Charles W. Munz was interested in the mortgaged property as lessee under Silverman of that portion of the property used for a theatre. When Charles W. Munz learned of the foreclosure proceeding he took the matter up with the mortgage trustee, and ultimately he secured vacation of the foreclosure decree in consideration of his agreeing in writing on October 13, 1924, to guarantee payment of the mortgage debt and also agreeing to pay certain amounts past due on bonds, interest and taxes. In the meantime Mr. Charles W. Munz had secured conveyance of the fee from Whitley. By the agreement executed Charles W. Munz also acknowledged validity of the mortgage theretofore given to the Security Trust Company. We quote the agreement with the Security Trust Company, trustee, in part:

"Now, therefore, it is agreed:
"1. The trustee, after the full and complete performance by the party of the first part of every condition precedent and of every covenant and agreement herein promised and undertaken by him, but without prejudice to its full rights to enforce the terms, conditions and stipulations of the mortgage

thereafter for the protection and security of the bondholders, in the event of default of any kind in the deed of trust, will dismiss the pending proceedings (No. 106940) in the Wayne county circuit court upon these conditions precedent, concurrent and continued, as the circumstances show them to be:
\* \* \*

"(h) Recognition by first party of the validity, free from any infirmity of whatsoever kind or nature, of each, and all of the said bonds remaining outstanding, and to that end the guaranty, as hereinafter provided by him of the principal and interest of each and every of such bonds and the assumption by him of liability for payment thereof. The party of the first part hereby guarantees the prompt payment when due of both principal and interest of each and every bond secured by said trust mortgage dated July 15, 1921, and recorded in liber 1085 of mortgages, on page 198."

In December, 1929, Charles W. Munz and wife gave a 12-year lease of the theatre portion of the mortgaged premises to the Kunsky Theatres Corporation. The lessee at the time of procuring the lease made a lease deposit of $88,500, and the lease was recorded not only as a lease but also as in the nature of a mortgage to secure the repayment of the sum deposited. By assignment June 30, 1933, plaintiff Tuxedo Enterprises, Inc., a Michigan corporation, became possessed of the lessee's rights in the above-mentioned lease. All the stock of the Tuxedo Enterprises, Inc., is held by Harold Munz, son of plaintiff, Charles W. Munz. At the time the lease was entered into with the Kunsky Theatres Corporation a second chancery foreclosure proceeding was pending. Out of the $88,500 deposited by the Kunsky Theatres Corporation Mr. Charles W. Munz paid on December 13, 1929, all sums due for principal or interest, also all taxes required to be paid

by the terms of the mortgage to the Securities Trust
Company, trustee, to and including December 13,
1929.  At this time the bondholders acting through
the mortgage trustee agreed to a new schedule of
bond payments by which maturity dates were de-
ferred.  In other respects the mortgage remained
unchanged.  This second chancery foreclosure was
not further prosecuted.

By July, 1933, subsequent defaults under the
terms of the mortgage had accrued, and the Detroit
Trust Company began foreclosure of the mortgage
by advertisement under the statute.  The sheriff
sold the property to the Detroit Trust Company,
October 18, 1933, for $152,504.95, this being the
amount claimed to be due on the mortgage indebted-
ness plus costs of foreclosure.  Just prior to the
year of redemption, and on October 13, 1934, plain-
tiffs filed the bill of complaint herein.  As noted
above, after hearing in open court decree was en-
tered dismissing the bill of complaint and plaintiffs
have appealed.

Primarily plaintiffs' right, if any, to equitable re-
lief must be found to exist because they can take ad-
vantage of the usurious nature of the mortgage loan.
On this phase of the case plaintiffs claim that by the
transactions above noted Charles W. Munz has be-
come ''substituted'' as and in the place of the orig-
inal mortgagor, and hence may urge the defense of
usury.  In this connection plaintiffs point out that
Mr. Charles W. Munz became a guarantor of the
payment of the mortgage debt and that either he or
the Tuxedo Enterprises, Inc., has made all the pay-
ments on the mortgage loan, with the possible excep-
tion of the first two interest payments.  Plaintiffs
also assert that Mr. Charles W. Munz did not know
that the mortgage loan was tainted with usury until
July, 1932, and further that when Charles W. Munz

purchased the property from Whitley the mortgage incumbrance (although he assumed and agreed to pay the same "as part of the consideration") was not deducted from the purchase price. At the time decree was settled plaintiffs by affidavit offered to establish this latter claim, but the offer was rejected by the trial court. In consequence of the factual aspect of the case as asserted by plaintiffs, they contend that the sheriff's sale incident to the statutory foreclosure should be set aside, that there should be an accounting which plaintiffs claim will disclose that the amount of money paid on the mortgage exceeds the mortgage debt (exclusive of the usurious portion) together with accrued interest thereon. But plaintiffs do not ask repayment of such excess.

At the outset plaintiffs are confronted by the following contentions on the part of defendants: (1) That the defense of usury is personal to the mortgagor and those in privity of estate with the mortgagor and hence is not available to Munz; (2) That the defense of usury cannot be interposed by a corporation or anyone succeeding to the rights of a corporation. Since the early decision in *Farmers' & Mechanics' Bank* v. *Kimmel,* 1 Mich. 84, many cases have been decided by this court which are in accord with defendants' contention first above noted. Among such decisions are: *Sellers* v. *Botsford,* 11 Mich. 59; *Miller* v. *Thompson,* 34 Mich. 10; *Gray* v. *H. M. Loud & Sons Lumber Co.,* 128 Mich. 427 (54 L. R. A. 731); *Barney* v. *Tontine Surety Co.,* 131 Mich. 192; *Schmidt* v. *Gaukler,* 156 Mich. 243; *Central Holding Co.* v. *Bushman,* 238 Mich. 261.

In support of their claim of right to assert usury as a defense, notwithstanding the personal character of such defense, plaintiffs contend and state in their briefs:

"There was privity of Munz to the mortgage transaction, there was privity of the corporate appellant to the mortgage transaction. * * * He (Charles W. Munz) was and did become a guarantor of the mortgage. * * * It is clearly established by Munz' course of conduct, that of the mortgagee, Silverman and Whitley that Munz did not assume and agree to pay the $250,000 mortgage. The mortgagee knew of the infirmity of the mortgage."

These assertions, in somewhat varied form, are repeatedly made by appellants throughout their briefs. Careful consideration of this record forces the conclusion that while their contention in part is true in fact, appellants' legal conclusion cannot be sustained. Mr. Charles W. Munz is nothing more nor less than the remote grantee of the mortgagor. He was not a party to the mortgage contract. It is true that he made substantial payments on the mortgage indebtedness; but this circumstance does not affect the legal question. Especially is this true in view of the fact that it is a fair inference from the record that practically all, if not all, of the payments so made were derived from income of the mortgaged property. Nor is the legal aspect of the case altered to his advantage by the fact that Mr. Charles W. Munz, more than three years after the execution of the mortgage, guaranteed its payment. In legal effect, every grantee of mortgaged property who assumes and agrees to pay an outstanding mortgage guarantees its payment. But such undertaking does not in and of itself enable the grantee to assert a defense of usury which might have been made by his grantor. It may also be noted that before Mr. Charles W. Munz signed the guaranty agreement, for which there was adequate consideration, he had already assumed and agreed to pay this mortgage by the terms of his deed from Whitley. In decisions

of this court above cited the nature and availability of the defense of usury has been stated repeatedly. We quote sparingly:

"Conceding the usury set up in the answer, * * * the appellant, who is a subsequent purchaser of the mortgaged premises, cannot avail himself of it as a defense to the mortgage, or turn it to his individual benefit." *Sellers* v. *Botsford, supra.*

"A purchaser of mortgaged premises cannot object to the mortgage on the ground that usurious interest was exacted from his grantor, since the defense of usury is a personal one." *Gray* v. *H. M. Loud & Sons Lumber Co.* (syllabus), *supra.*

On this phase of the case it should be noted that the original mortgagor is not here complaining of the usurious character of the mortgage contract. In *Gray* v. *H. M. Loud & Sons Lumber Co., supra,* it is said: "It has been repeatedly held that the defense of usury is a personal one, and may be waived."

At the time the first chancery foreclosure suit was pending, Charles W. Munz had a leasehold interest in the mortgaged property. He was obviously desirous of protecting his lease. Knowing it would be terminated by the foreclosure, he secured vacation of the decree by entering into the guaranty contract. It was in connection with this transaction that Munz secured his deed from Whitley. In both the guaranty contract and in the deed Munz acknowledged the outstanding mortgage. At this time he negotiated with those claiming under the mortgage for at least two months, and there can be no question that he knew the amount of the mortgage obligation. It is stated in the agreement as being in the principal amount of $250,000. This was the mortgage that he guaranteed and which he assumed and agreed to pay. Even in deeds which later passed between Mr. Munz and his son, Harold, the full amount of the unpaid mortgage was recited. Whether Mr. Munz

knew of the usurious character of the mortgage loan at the time of these transactions or learned of it later, as he claims, does not alter the legal aspect of the case. He agreed to pay the mortgage in the amount for which it was given. This is surely true of his undertaking in the guaranty agreement, even if credence is given to the claim of Charles W. Munz that incident to taking title from Whitley, he (Munz) only assumed and agreed to pay the actual amount of the loan exclusive of usury. Under the facts in this case the claim of usury cannot be urged by Charles W. Munz as a means of preventing foreclosure and vesting of title in consequence thereof. In view of the foregoing it becomes unnecessary to pass upon appellees' further contention that the claim of usury is not available because the mortgage loan was made to a corporation organized under the laws of New York and by the statutory provisions of that State such corporation was barred from making the defense of usury.

The appellant, Tuxedo Enterprises, Inc., a Michigan corporation, stands, at least in part, in the position of a tenant of Charles W. Munz. As such, it can assert no greater rights than he as against those claiming under the mortgage foreclosure. Insofar as the Tuxedo Enterprises, Inc., attempts to assert rights as a mortgagee under a second mortgage, it cannot obtain relief on the ground of usury because the Michigan statute under which it is incorporated expressly deprives it of that power. 2 Comp. Laws 1929, § 9983; and Act No. 327, § 78, Pub. Acts 1931. See, also, *Hovey* v. *Wark-Gilbert,* 248 Mich. 502; *Wm. S. & John H. Thomas, Inc.,* v. *Union Trust Co.,* 251 Mich. 279.

Appellants have challenged the validity of the mortgage sale by the sheriff. We find nothing in the record sustaining this claim of invalidity.

The remaining question is whether or not under the record presented appellants should have been granted relief by the trial judge under the mortgage moratorium act.    Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 (Ex. Sess.). Concerning this statutory enactment we have said:

"The statute provides that the court 'may,' not 'must,' grant the relief.   It is always the rule that a discretionary act will be sustained unless abuse of discretion is affirmatively shown."   *Virginian Joint Stock Land Bank of Charleston* v. *Hudson*, 266 Mich. 644, 653.

"The statute is throughout purely permissive in terms, depending upon the discretion of the court and never a matter of right."   *Ciotte* v. *Ullrich*, 267 Mich. 136, 141.

As hereinbefore noted, this foreclosure involves business or income property only.   Plaintiffs' bill of complaint was not filed until the year of redemption incident to the statutory foreclosure had practically expired.   In other words plaintiffs have already had full advantage of the management and the income of the property during the period of redemption provided by law.   During this period the income was diverted to other uses rather than being applied on the mortgage indebtedness or accrued taxes.   The trial judge was fully justified in holding that plaintiffs were not entitled to extraordinary relief under the mortgage moratorium provision.

Decision in the circuit court was in accord with our opinion herein and the decree there entered dismissing plaintiffs' bill of complaint is affirmed, with costs.

Potter, C. J., and Nelson Sharpe, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.