STEINER v. MONROE STATE SAVINGS BANK.

1. MORTGAGES — MORATORIUM RELIEF — FORECLOSURE BY ADVERTISEMENT.

Mortgagors who failed to file petition for relief under moratorium act prior to sale in proceeding to foreclose mortgage by advertisement *held*, not entitled to relief under Act No. 98, § 3, Pub. Acts 1933.

2. SAME—MORATORIUM RELIEF—STATUTES.

Order for moratorium relief on petition filed after sale in proceedings to foreclose mortgage by advertisement could not be entered pursuant to Act No. 98, § 5, Pub. Acts 1933, after the repeal of that section by Act No. 20, Pub. Acts 1934 (1st Ex. Sess.).

3. SAME—JURISDICTION.

In proceedings to foreclose mortgage by advertisement where sale had been held on February 25, 1934, entertainment of application for moratorium relief under Act No. 98, § 4, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), made February 15, 1935, *held*, proper.

4. STATUTES—CONSTRUCTION.

In the construction of statutes all parts thereof should be harmonized and given effect, if possible.

5. SAME—SAVING CLAUSE—IMPAIRMENT OF OBLIGATION OF CONTRACT.

Saving clauses are frequently inserted in statutes to avoid the taint of unconstitutionality through the impairment of the obligations of a contract.

6. MORTGAGES—MORATORIUM RELIEF—EQUITY—DISCRETION OF COURT.

Claim for moratorium relief under mortgage foreclosure is based upon equitable considerations and is contingent upon the mortgagor making payments, all to be determined in the sound discretion of the court (Act No. 98, Pub. Acts 1933, as amended).

7. Same — Moratorium Relief — Store Building — Equity — Payments.

Mortgagors with substantial equity in store building but without other means to pay mortgage than rent received therefrom *held*, entitled to relief from foreclosure by advertisement under amended mortgage moratorium act, where provision was made for monthly payments sufficient to pay interest, taxes and a substantial amount on mortgage, notwithstanding application for relief was not filed until five days before expiration of equity of redemption (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 3, Pub. Acts 1935).

8. Same—Abuse of Discretion.

Order in suit to obtain mortgage moratorium relief which granted extension of period of redemption but failed to make provision for monthly payments for about three months after such period would otherwise have expired *held*, an abuse of discretion (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 3, Pub. Acts 1935).

Appeal from Monroe; Golden (Clayton C.), J. Submitted October 9, 1935. (Docket No. 37, Calendar No. 38,513.) Decided January 6, 1936. Rehearing denied March 3, 1936.

Bill by William J. Steiner and others against Monroe State Savings Bank and Orra B. Clark and wife for moratorium relief during proceeding to foreclose by advertisement a mortgage on a store building. From order for plaintiffs, defendants Clark appeal. Modified and affirmed.

*Arthur E. Steiner,* for plaintiffs.

*Burton Walters,* for defendants Clark.

Butzel, J. On December 23, 1924, William J. Steiner, Eugene E. Steiner, and their respective wives, borrowed $9,200 from the Monroe State Sav-

ings Bank, $8,000 of which was secured by a mortgage on land and building adjoining the bank's property and $1,200 represented by an unsecured note, the proceeds from which were used to complete repairs and improvements on the mortgaged property. Some time after the mortgage was given, the property was leased for $200 per month. It became vacant on July 1, 1932, and remained so for a period of over nine months, and but little was obtained from the receiver of the lessee. Only a small part of the taxes were paid thereafter by William J. Steiner, owner of half of the property. Payments were made on the unsecured note so that it was almost entirely paid. Upon default in payments, the bank on November 21, 1933, began foreclosure proceedings by advertisement and at the foreclosure sale, held on February 24, 1934, the property was sold to the bank for $8,803.72, approximately the amount due on the mortgage for principal, interest and taxes paid by the bank. The latter deeded its interest to Orra B. Clark and Cora B. Clark, appellants herein. During the period that the equity of redemption was running out, the Steiners refused an offer of $12,000 and another for $15,000 for the property, claiming it was worth much more. They paid for the heating of the premises and minor repairs and made a payment of $75 on the unsecured note, but retained part of the income. They testified that they had no independent income from which they could make payments; that they regarded the property as being very valuable and were trying to save their equity. On February 19, 1935, five days prior to the expiration of the equity of redemption, William J. Steiner and wife and Maye E. Steiner, as grantee of Eugene Steiner, filed a bill of complaint asking for a moratorium until March 1, 1935, and for such additional

period as might become lawful. The court issued a temporary order enjoining the issuing and enforcing of a writ of restitution. On April 27, 1935, after the hearing at which also the fair rental value of the property was placed at $125 per month, the court extended the period of redemption until March 1, 1937, ordered plaintiffs to pay the sum of $125 per month beginning on May 10, 1935, the moneys to be used toward payment of taxes, any interest accruing during the effective term of the extension and the balance to the satisfaction of the amount then due on the mortgage. Defendants Clark appeal, claiming that the court was without power and abused its discretion in making the order.

The original moratorium act, Act No. 98, Pub. Acts 1933, makes provisions in the case of foreclosures in chancery and additional ones for those by advertisement. Appellants in claiming that a moratorium should not have been granted, rely on *Wade* v. *Farrell,* 270 Mich. 562, which followed the provisions of Act No. 98, as applicable to foreclosures in chancery. In *Young* v. *Union Joint Stock Land Bank of Detroit,* 266 Mich. 83, it was held that Act No. 98, § 3, applies to proceedings prior to the foreclosure sale by advertisement while under section 5 of the same act provision was made for a moratorium after the sale in case of foreclosure by advertisement. Plaintiffs obviously cannot claim relief under Act No. 98, § 3, as they did not file their bill until after the sale, nor could an order be entered under Act No. 98, § 5, inasmuch as the moratorium amendatory act, Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), approved and effective on March 28, 1934, repealed section 5 of the 1933 act. It however amended Act No. 98, § 4, which had pre-

viously only applied to foreclosures in chancery, so as to read as follows:

"In any case of mortgage foreclosure now pending in a court of chancery or *by advertisement* in which the equity of redemption has not expired, the court, upon application of the owner or owners of such real estate or any person or persons liable on said mortgage and note, * * * may set aside a sale by advertisement and thereupon may grant such order or orders or continuance as provided in section two of this act or any other act pertaining to foreclosure of real estate mortgages and the court may by order extend time for the exercise of the equity of redemption until not later than March one, nineteen hundred thirty-five."

Consequently, plaintiffs must qualify under the above-quoted section 4, which provides, as we construe it, that in case of mortgage foreclosure by advertisement pending on or after March 28, 1934, in which the equity of redemption has not expired, an application for a moratorium might be entertained. The lower court extended the period of redemption until March 1, 1937, the additional time being permitted by Act No. 3, Pub. Acts 1935.

Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), contains a section which provides as follows:

"Saving clause.

"Sec. 3. This amendatory act shall not impair or affect any right accruing, accrued or acquired prior to the time this amendatory act takes effect, but the same may be enjoyed, asserted and enforced as fully and to the same extent as if this amendatory act had not been passed."

Appellants claim that at the time of the passage of Act No. 20, they had an accruing right to absolute

ownership of the property at the expiration of the period of redemption, and that under the "saving clause," as quoted, such right could not be affected or impaired and that Act No. 20, § 4, cannot destroy such accruing right. Such a construction would make Act No. 20, § 4, meaningless for it provides for a moratorium in case of a mortgage foreclosure by advertisement then pending in which the equity of redemption had not expired. Such was the foreclosure in the instant case. We cannot conceive that the legislature intended in Act No. 20, § 4, to create a right to a moratorium and at the same time in the saving clause destroy such right. The query arises then as to the meaning of the saving clause. It is elementary that in the construction of acts, all parts thereof should be harmonized and given effect, if possible. It is frequently inserted in acts for the very purpose of avoiding the taint of unconstitutionality through the impairment of the obligations of a contract. In *Russell* v. *Battle Creek Lumber Co.,* 265 Mich. 649, and other cases that followed, we held that the emergency moratorium statute, Act No. 98, Pub. Acts 1933, did not impair contractual obligations. The saving clause was evidently inserted so that under Act No. 98, Pub. Acts 1933, as amended, contractual obligations in the mortgage or arising out of the mortgage could not be impaired. The mortgage itself or an independent contract might contain covenants for additional security or added protection to the mortgagee. The saving clause was for the purpose of making clear that such contract rights were preserved.

The claim of a moratorium is based upon equitable considerations and is contingent upon the mortgagor making payments, all to be determined in the sound discretion of the court. It is claimed that the

trial judge abused this discretion. Were there not
a large equity in the property, provision made for
ample payments, and the relief asked by parties who
were the mortgagors, and other equitable considera-
tions, there might be merit in appellants' contention
that the court abused its discretion in granting the
moratorium when applied for only five days prior to
the expiration of the equity of redemption. Appel-
lees have no other means with which to make pay-
ments on the mortgage. The record shows that they
hoped to save a substantial part of their investment
in which there is a large equity as reflected by the
offers that were made and the rent that was re-
ceived. It would appear from the meagre record
that they were not merely speculating at the expense
of the mortgagee but from the nature of the property
and its income they had reason to believe they could
save a larger amount from their investment than
had they accepted the offers made them. The pay-
ment of $125 per month as ordered by the court was
sufficient not only to pay the interest and taxes,
accruing after the order but also would leave appel-
lants a substantial amount to apply on the amount
then still due on the mortgage. The equity of re-
demption would have expired on February 24, 1935.
For a period of almost three months thereafter the
court provided for no payments whatsoever to the
mortgagee. In this he was in error and abused his
discretion. He left the plaintiffs in possession of
the property for almost three months after the year
of redemption without making any equitable provi-
sion for payments to the mortgagees during that
period.

The decree should be modified so as to provide
for the payment of $375 within 30 days from the
date this opinion is handed down and the further

payment of $125 per month beginning on May 10, 1935, and should the plaintiffs default in making such payments, appellants have the right to apply immediately to the trial court for a writ of restitution. Appellees will recover costs.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.