McLEAN *v.* DIACK.

1. MORTGAGES—MORATORIUM RELIEF—ABUSE OF DISCRETION.

In proceeding to obtain moratorium relief from foreclosure by advertisement, decree of trial court requiring mortgagors to turn over entire rental of premises formerly occupied by them as a home to be applied for repairs, insurance, taxes and principal and interest in order named *held*, not an abuse of discretion under circumstances of case showing among other things, substantial equity in mortgagors (Act No. 98, Pub. Acts 1933, as amended).

2. SAME—MORATORIUM RELIEF—EQUITY.

Moratorium relief is based upon equitable considerations, is contingent upon mortgagor making payments and particular circumstances of each particular case will be weighed to determine reasonable relief appropriate to the person as well as consistent with the emergency (Act No. 98, Pub. Acts 1933, as amended).

Appeal from Washtenaw; Sample (George W.), J. Submitted April 9, 1936. Docket No. 39, Calendar No. 38,859.) Decided June 11, 1936.

Bill by Warren D. McLean and wife against Samuel L. Diack and Arch W. Diack, Jr., for moratorium relief in proceedings to foreclose mortgage by advertisement. Decree for plaintiffs. Defendants appeal. Affirmed.

*Frank B. DeVine,* for plaintiffs.

*John F. Rice,* for defendants.

EDWARD M. SHARPE, J. During the year 1929, plaintiffs purchased a certain piece of real estate in

Ann Arbor for the sum of $31,000 and in July, 1931, mortgaged this property to defendants to secure the repayment of $15,000. This property was used by plaintiffs as their home until October 1, 1933, when they rented it to a tenant on a two-year lease for a monthly rental of $90 which included the use of certain furniture at a charge of $20 per month. During this period, plaintiffs collected $2,160 in rent and claim to have paid out $2,362.60 in repairs and improvements on the property. Plaintiffs defaulted in their taxes for the years 1932, 1933, and 1934; made no payments upon the principal of the mortgage; and paid no interest beyond February 1, 1933. Defendants foreclosed the mortgage by advertisement and on October 3, 1934, purchased the property at the mortgage sale for $16,624.65. The amount owing defendants on September 10, 1935, was $17,657.10 for principal, interest, taxes and insurance.

On October 2, 1935, the day before the equity of redemption expired, plaintiffs filed a bill in chancery to secure a moratorium under the Michigan moratorium statute. Act No. 98, Pub. Acts 1933, as amended. Plaintiffs produced some evidence at the hearing which tended to show that plaintiff W. D. McLean was 64 years of age; owned a one-fourth interest in a grocery business in the city of Ann Arbor; and that the property involved in this cause was worth between $23,000 and $25,000.

In petitioning for moratorium relief plaintiff W. D. McLean contends that he owns no bonds, mortgages, or land contracts, that he is indebted to an Ann Arbor bank in the amount of $38,000; that he owes a bank in Mt. Clemens about $4,000; that he owes a Mrs. Gill between $3,000 and $4,000; that he has property located at 418 and 505 N. Division St. in Ann Arbor, but that it is mortgaged for ap-

proximately its full present cash value; and that the Cadillac car he now drives is owned by the grocery company in which he has a one-fourth interest.

Defendants contend that this property does not constitute the home of plaintiffs nor do plaintiffs have any equity in it. The trial court after hearing the evidence granted plaintiffs relief, but required them to turn over the entire rental to be applied first, for necessary repairs not to exceed $10 per month; second, insurance upon the property; third, taxes; and fourth, the balance on principal and interest. Defendants appeal.

We are unable to find where the trial court abused his discretion in making the above order. It is true that the property does not presently constitute plaintiffs' home, but the record shows that they gave it up as a home and rented cheaper quarters in order that they might receive an income therefrom and apply the rental upon improving the property. These facts are not analogous to the situation in *Tuxedo Enterprises, Inc.,* v. *Detroit Trust Co.,* 272 Mich. 160, cited by defendants in their brief; nor is there any evidence other than that given by plaintiffs as to the value of the property and their testimony is that they have an equity of between $5,000 and $7,000 in it.

In *Steiner* v. *Monroe State Savings Bank,* 274 Mich. 303, we said:

"The claim of a moratorium is based upon equitable considerations and is contingent upon the mortgagor making payments, all to be determined in the sound discretion of the court."

In *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644, we said:

"It commits the remedy to courts of equity in order that the particular circumstances of each par-

ticular case shall be weighed to determine the reasonable relief appropriate to the person as well as consistent with the emergency.''

The trial court was satisfied that plaintiffs made such a showing as entitled them to relief. The defendants produced no evidence to the contrary.

The decree is affirmed, with costs to plaintiffs.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Toy, JJ., concurred. Potter, J., took no part in this decision.